UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| DONALD MITCHELL, | ) | |
| | ) | |
| Petitioner, | ) | 2:11-cv-01686-JCM-PAL |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| BRIAN WILLIAMS, *et al.,* | ) | |
| | ) | |
| Respondents. | ) | |

Petitioner Donald Mitchell has filed a *pro se* petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254 (ECF # 2-1). His application to proceed *in forma pauperis* (ECF #s 1, 2) is granted.

The habeas petition shall be served upon the respondents.

A petition for federal habeas corpus should include all claims for relief of which petitioner is aware. If petitioner fails to include such a claim in his petition, he may be forever barred from seeking federal habeas relief upon that claim. *See* 28 U.S.C. §2254(b) (successive petitions). If petitioner is aware of any claim not included in his petition, he should notify the court of that as soon as possible, perhaps by means of a motion to amend his petition to add the claim.

Petitioner has also submitted a motion for the appointment of counsel (ECF #3). There is no constitutional right to appointed counsel for a federal habeas corpus proceeding. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *Bonin v. Vasquez*, 999 F.2d 425, 428 (9th Cir.1993). The decision

1  to appoint counsel is generally discretionary. *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir.1986), cert.
2  denied, 481 U.S. 1023 (1987); *Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir.), cert. denied, 469 U.S.
3  838 (1984). However, counsel must be appointed if the complexities of the case are such that denial of
4  counsel would amount to a denial of due process, and where the petitioner is a person of such limited
5  education as to be incapable of fairly presenting his claims. *See Chaney*, 801 F.2d at 1196; *see also*
6  *Hawkins v. Bennett*, 423 F.2d 948 (8th Cir.1970). The petition on file in this action appears sufficiently
7  clear in presenting the issues that petitioner wishes to raise. Moreover, as will be discussed below, it
8  appears that this petition is untimely. Counsel is not justified at this time. Petitioner's motion is denied.

9        **IT IS THEREFORE ORDERED** that the Clerk shall **FILE** and **ELECTRONICALLY**
10 **SERVE** the petition (ECF #2-1) upon the respondents.

11       **IT IS FURTHER ORDERED** that respondents shall have **forty-five (45)** days from entry
12 of this order within which to answer, or otherwise respond to, the petition. In their answer or other
13 response, respondents shall address any claims presented by petitioner in his petition as well as any claims
14 presented by petitioner in any Statement of Additional Claims. Respondents shall raise all potential
15 affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural
16 default. **Successive motions to dismiss will not be entertained**. If an answer is filed, respondents shall
17 comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District
18 Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have **forty-five (45) days** from the
19 date of service of the answer to file a reply.

20       **IT IS FURTHER ORDERED** that, henceforth, petitioner shall serve upon the attorney
21 general of the State of Nevada a copy of every pleading, motion, or other document he submits for
22 consideration by the court. Petitioner shall include with the original paper submitted for filing a
23 certificate stating the date that a true and correct copy of the document was mailed to the attorney general.

The court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular deputy attorney general assigned to the case.

      **IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel (ECF #3) is **DENIED**.

Dated, this 1st day of November, 2011.

                                    */s/ James C. Mahan*
                              UNITED STATES DISTRICT JUDGE